IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RALPH O'HARA DOUGLAS, TDCJ #1004998, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-0580 |
| HARRIS COUNTY DISTRICT ATTORNEYS, *et al.*, | § § § | |
| Defendants. | § § | |

## **MEMORANDUM AND ORDER**

On April 30, 2009, this Court dismissed the civil rights complaint filed by state inmate Ralph O'Hara Douglas (TDCJ #1004998, former TDCJ #323876, former Harris County Jail #133338), as barred by the three-strikes rule found in 28 U.S.C. § 1915(g).[1] In response, Douglas has paid the filing fee and he has filed a motion to reinstate this case. (Doc. # 14). The Court grants the motion to reinstate and vacates the order of dismissal and final judgment entered on April 30, 2009 (Docs. # 9, # 10). After reviewing all of the pleadings and the applicable law as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for other reasons that are explained in more detail below.

---

[1] Under the three-strikes rule found in 28 U.S.C. § 1915(g), a prisoner is precluded from proceeding *in forma pauperis* with a civil rights action in federal court after more than three of his cases have been dismissed as frivolous, malicious, or for failure to state a claim. As Douglas concedes, he has at least three strikes for filing frivolous claims while in prison.

## I. BACKGROUND

The complaint in this case concerns several felony convictions entered against Douglas in the 179th District Court of Harris County, Texas. Douglas discloses that he was convicted of theft and sentenced to serve two years in state jail in cause numbers 791339 and 791340. Douglas was also convicted of aggregate theft in cause number 850272. After finding that he had at least one prior felony conviction for theft, a jury sentenced Douglas to life imprisonment in that case. Court records show that these convictions were affirmed on direct appeal and that the Texas Court of Criminal Appeals denied discretionary review. *See Douglas v. State*, Nos. 14-99-00217-CR, 1499-00218-CR, 2000 WL 977393 (Tex. App. — Houston [14th Dist.] May 18, 2000, pet. ref'd); *Douglas v. State*, No. 14-00-1226-CR, 2002 WL 1988163 (Tex. App. — Houston [14th Dist.] Aug. 29, 2002, pet. ref'd). Douglas has also submitted unsuccessful applications for state and federal habeas corpus review, as well as petitions for a writ of mandamus, in an effort to obtain relief from these convictions.

Douglas now seeks relief under 42 U.S.C. § 1983 for violations of his civil rights in connection with his effort to obtain collateral review of his theft convictions. In the pending complaint, Douglas sues the "Harris County District Attorneys" who prosecuted him, the presiding judge of the 179th District Court for Harris County, Texas, and all judges serving on the Texas Court of Criminal Appeals. Douglas complains that these defendants failed to address or rule on all of the claims that he raised in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which challenged one or more of his felony convictions. Douglas contends that, by neglecting to address all of his claims on the

merits, the defendants acted with "gross indifference and reckless disregard" for his rights. Douglas seeks $100 million in compensatory damages and $2 million in punitive damages. Liberally construed, Douglas contends that he was denied due process in violation of 42 U.S.C. § 1983. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.  STANDARD OF REVIEW

Douglas, who proceeds *pro se*, has paid the filing fee in this case. Regardless of whether a prisoner has paid the fee or proceeds *in forma pauperis*, a district court is required to scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (citations omitted).

A prisoner's complaint is considered frivolous if it "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the

complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

Douglas's complaint takes issue with decisions made by the 179th District Court for Harris County, Texas, and the Texas Court of Criminal Appeals in connection with his applications for state habeas review. Douglas also faults the pleadings filed by prosecutors in response to his state habeas corpus applications. He contends that these defendants did not address or rule on the merits of his claims as required by law. Although Douglas does not provide any specific facts about his claims, he insists that he is entitled to relief.

To the extent that Douglas seeks monetary damages, it is well settled that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*,

31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). Prosecutors are also entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999).

The claims in this case, which concern decisions made in connection with state collateral review proceedings, fall well short of the allegations necessary to deprive the defendants of absolute immunity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (noting that allegations of bad faith or malice are insufficient to defeat absolute judicial immunity, which may be overcome only by showing that the complained of actions were nonjudicial in nature or were taken in the complete absence of all jurisdiction); *Van de Kamp v. Goldstein*, — U.S. —, 129 S. Ct. 855, 860 (2009) (observing that a prosecutor enjoys absolute immunity when acting as "an officer of the court," but that qualified immunity applies when a prosecutor performs investigative or administrative tasks unrelated to the conduct of trial). Thus, to the extent that Douglas seeks monetary damages from defendants who are immune from such relief, his complaint is subject to dismissal for this reason.

More importantly, Douglas cannot recover monetary damages for alleged violations of his civil rights in this instance because he does not demonstrate that any of the convictions at issue have been overturned or set aside. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must

5

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Douglas's allegation that he was denied due process on state habeas corpus review necessarily implicates the validity of his theft convictions and his continuing confinement. Douglas concedes in his pleadings that these convictions have not been set aside. Court records confirm that Douglas filed at least three unsuccessful habeas corpus petitions to challenge these convictions under 28 U.S.C. § 2254 in this district. *See Douglas v. Dretke*, Civil No. H-05-0851 (S.D. Tex. Oct. 26, 2005) (dismissing the petition as untimely filed); *Douglas v. Quarterman*, Civil No. H-06-3475 (S.D. Tex. Jan. 4, 2007) (dismissing the petition as successive and untimely); *Douglas v. Quarterman*, Civil No. H-08-3182 (S.D. Tex. Nov. 5, 2008) (dismissing the petition as an unauthorized successive writ). Because Douglas's allegations would, if true, necessarily imply the invalidity of his convictions and his continued incarceration, his civil rights claims are not cognizable under 42 U.S.C. § 1983 and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d

423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The order dismissing this case as barred by the three-strikes rule found in 28 U.S.C. § 1915(g) and the final judgment entered on April 30, 2009, are **VACATED**.

2. To the extent that it is not moot, the plaintiff's motion for reinstatement (Doc. # 14) is **GRANTED**.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159.**

SIGNED at Houston, Texas, on July 16, 2009.

Nancy F. Atlas
United States District Judge